IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.G., by his Guardian Ad Litem, JENNA GONZALES,<br><br>    Plaintiff,<br>  v.<br><br>RICK SIMONS; FURTADO, JASPOVICE & SIMONS; SUTTER BAY HOSPITALS d/b/a SUTTER MEDICAL CENTER OF SANTA ROSE; and DOES 1 through 20,<br><br>    Defendants. | Case No. 11-4319 SC<br><br>ORDER RE: SETTLEMENT |

On March 22, 2013, the Court held a hearing in the above-captioned matter during which, among other things, the Court requested briefing on a recent Supreme Court case, an explanation of Plaintiff's counsel's requested attorneys' fees, and further briefing on the amount of the Medi-Cal lien reimbursable from the settlement amount.

Plaintiff's counsel has substantially and timely complied with all of these requests. However, the Court further asks that Plaintiff's counsel submit a one-page breakdown of the different amounts that will be paid out of the settlement: e.g., of the $1,025,000 settlement amount, exactly how much will go toward

attorneys' fees, costs, annuities, and so forth. This document should be a very simple description of where the money in this settlement will go.

Separately, the Court has received Plaintiff's briefs in further support of his petition and for the Court's final determination of the Medi-Cal lien. The Court is cognizant of Plaintiff's concerns that the settlement money be disbursed as quickly as possible and that the amount of the Medi-Cal lien be determined separately, since Plaintiff and the California Department of Health Care Services still dispute what proportion of the settlement may be fairly allocated to past medical expenses. While the Court agrees that the Supreme Court case <u>Arkansas Department of Health and Human Services v. Ahlborn</u>, 547 U.S. 268 (2006), and its progeny are the correct cases to apply on this issue, the Court declines to approve the settlement in any fashion until Plaintiff submits a full and final calculation of all money to be paid from the settlement fund, including the Medi-Cal lien. Whether the lien amount is to be determined in negotiations or by the Court after the issue is fully briefed is for the parties to decide.

IT IS SO ORDERED.

Dated: April 9, 2013

_____
UNITED STATES DISTRICT JUDGE

2