IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.G., by his Guardian Ad Litem, JENNA GONZALES,<br><br>    Plaintiff,<br>  v.<br><br>RICK SIMONS; FURTADO, JASPOVICE & SIMONS; SUTTER BAY HOSPITALS d/b/a SUTTER MEDICAL CENTER OF SANTA ROSE; and DOES 1 through 20,<br><br>    Defendants.<br><br>SUTTER BAY HOSPITALS dba SUTTER MEDICAL CENTER OF SANTA ROSA,<br><br>    Cross-Complainant,<br>  v.<br><br>TRINA BOWEN, M.D., WEST COUNTY HEALTH CENTERS, INC., and ROES 1-10,<br><br>    Cross-Defendants. | Case No. 11-4319 SC<br><br>ORDER:<br><br>1. APPROVING COMPROMISE OF DISPUTED CLAIM OF MINOR;<br><br>2. APPROVING PAYMENT OF ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS;<br><br>3. AUTHORIZING ESTABLISHMENT OF SPECIAL NEEDS TRUST AND GRANTING PERMISSION TO INVEST IN MUTUAL FUNDS AND GOVERNMENT BONDS WITH MATURITY GREATER THAN 5 YEARS;<br><br>4. AUTHORIZING GUARDIAN TO MAKE DISTRIBUTION FROM SETTLEMENT TO TRUSTEE OF SPECIAL NEEDS TRUST |

Petitioner, Jenna Gonzales, Guardian Ad Litem for her son, J.G., a minor, has petitioned the Court for approval of a proposed compromise of a disputed claim Plaintiff J.G. against Defendants Rick Simons and Furtado, Jaspovice & Simons, a Law Corporation

(collectively "SIMONS"), Sutter Bay Hospitals dba Sutter Medical Center Of Santa Rosa ("SUTTER"), and Third Party Defendant United States of America ("U.S.A."), with regard to the following matters:

1. Petition for an order approving compromise of disputed claim of minor and approval of terms of settlement.
2. Petition for order approving payment of attorney's fees and reimbursement of costs of suit.
3. Petition for order authorizing establishment of special needs trust and permission to invest in mutual funds and government bonds with maturity greater than 5 years.
4. Petition for an order that Guardian make distribution from settlement to Trustee of Special Needs Trust.

This matter came on for hearing before the undersigned on May 10, 2013. Steven Teal appeared for Petitioner. Petitioner Jenna Gonzales appeared in person and took the witness stand to answer questions under oath.

The Court makes the following findings:

1. All notices required by law have been given.
2. Jenna Gonzales is the parent and Guardian Ad Litem of J.G., age 8, born August 19, 2004.
3. The claims or actions to be compromised are against SIMONS, SUTTER and the U.S.A. by way of the Cross-Complaint filed by defendant SUTTER.

The Court ORDERS as follows:

1. The Petition is granted and the proposed compromise of claim on the terms set forth in the Petition is approved.
2. The gross amount of the settlement in favor of claimant is $1,025,000.

2

3.   This settlement includes any and all potential death claims of J.G.

4.   Defendants SIMONS and SUTTER, and Third Party Defendant U.S.A., shall pay the settlement of $1,025,000 as set forth in Exhibit A, including the purchase of $375,000 in annuities for J.G., and the payment of $650,000 in cash payable to "Jenna Gonzales, Trustee for J.G., and Attorney Steven Teal."

5.   The cash portion of the settlement funds shall be deposited into the fiduciary account of the Law Offices of Steven Teal, with distribution to be made as ordered below.

6.   The Court authorizes and directs Jenna Gonzales, as Guardian Ad Litem for J.G., to execute the Settlement Agreement and Release attached hereto as Exhibit B.

7.   The Court approves payment of attorney's fees and expenses in the <u>medical malpractice</u> case against SUTTER and U.S.A. in the amount of $69,891.59 as reimbursement of costs, and in the amount of $144,192 as attorneys fees, a combined total of $214,083.59, payable to Steven Teal, Law Offices of Teal, Montgomery and Henderson.

8.   The Court approves payment of attorney's fees and expenses in the <u>legal malpractice</u> case against SIMONS in the amount of $62,786.13 as reimbursement of costs, and in the amount of $120,737.96 as attorneys fees, a combined total of $183,524.09, payable to Steven Teal, Law Offices of Teal, Montgomery and Henderson.

9.   The Court approves and authorizes establishment of the J.G. Special Needs Trust and further grants authorization for the Trustee of the J.G. Special Needs Trust to invest in mutual funds

3

and government bond with maturity dates greater than 5 years pursuant to Probate §§ 3602(a), 3604(a)(b), 3611(c) and Probate Code § 2643; CA Rules of Court 7.903; and 42 U.S.C. § 1396p(d)(4)(A).

10. The Court approves and directs Jenna Gonzales to execute the J.G. Special Needs Trust, and directs payment of all settlement proceeds for J.G. to the J.G. Special Needs Trust.

11. The Court appoints Shelly Ocana as the Trustee of the J.G. Special Needs Trust and authorizes that she be compensated on account at the rate of $125 per hour. All compensation received by the Trustee shall be reported to and confirmed by the Probate Divisions of the Sonoma County Superior Court upon filing of the First Account and Report of Trustee.

12. The Court sets bond for the Trustee of the J.G. Special Needs Trust in the amount of $173,250, proof of which shall be filed with the Probate Division of the Sonoma County Superior Court.

13. The Court directs the Trustee of the J.G. Special Needs Trust to file a Petition for Approval of Account and Report of Trustee with the Probate Division of the Sonoma County Superior Court after completion of the first year of administration of the Trust.

14. The Court approves and orders that $15,000 from the cash portion of the settlement be paid to satisfy the Medi-Cal lien.

15. The Court authorizes and directs Plaintiff's counsel to distribute the current balance of the settlement funds, after payments of fees and costs pursuant to paragraphs 7 and 8 above, and after payment of the Medi-Cal lien pursuant to paragraph 14

4

above, from the fiduciary trust account of Steven Teal to the trustee of the J.G. Special Needs Trust.

16.  The Petitioner is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of this settlement.

17.  Exhibits A and B are hereby incorporated into this Order.

Upon receipt of the full amount of the settlement sum approved by this Order, the Petitioner is authorized and directed to execute and deliver to the defendants a full, complete, and final release and discharge of any and all claims and demands of the claimant by reason of the alleged malpractice, both legal and medical, as described in the Petition, and Petitioner is further authorized and directed to execute a dismissal with prejudice of the action.

IT IS SO ORDERED.

Dated: May 10, 2013

UNITED STATES DISTRICT JUDGE